**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BRANDON ARMITAGE, | No. 11-55873 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00463-L-POR |
| v. | |
| KENNETH CLARK, Warden and JERRY BROWN, Attorney General of the State of California, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted August 7, 2014
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

Brandon Armitage ("Armitage") appeals from the District Court's denial of

his habeas petition challenging his California conviction for burglary.  Armitage

asserts that his case was submitted to the jury on alternate theories, one of which

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

was unconstitutional, and that the California Court of Appeal's rejection of his argument was contrary to clearly established federal law. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas corpus relief is barred unless a state court's adjudication of a claim was either (1) "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" or (2) "'based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'" *Harrington v. Richter*, 131 S. Ct. 770, 783–84 (2011) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

Armitage contends that the jury was permitted to premise its conviction on a determination that his admitted possession of methamphetamine constituted the underlying felony charge for his burglary conviction. The California Court of Appeal, however, found that the jury instructions, as well as the trial judge's responses to inquiries from the jury, properly directed the jury that in order to convict Armitage of burglary it had to find that he entered the garage with the specific intent to steal.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Although the jury instructions included an accurate, general definition of the crime of burglary, all of the instructions concluded with the requirement that the jury find that Armitage had a specific intent to steal. In response to the jury's first note, the trial judge responded that '[t]he theory advanced by the district attorney is that the defendant entered an inhabited dwelling house with the specific intent to steal, not to commit any other crime." In response to the jury's second inquiry, the trial judge referred the jury to the definition of burglary set forth in the written instructions. We view Armitage's assertions "in the context of the instructions as a whole and the trial record." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). In addition, we presume that the jury followed the instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Having reviewed all the materials, we conclude that Armitage has not shown that the California Court of Appeal unreasonably found that the jury instructions as a whole required that the jury find that he entered the garage with the intent to steal. Accordingly, he is not entitled to relief under AEDPA.

Because Armitage has not shown that the California Court of Appeal erred in determining that the case was not submitted to the jury on alternate theories, we do not reach his arguments concerning the application of *Boyde v. California*, 494 U.S. 370, 379–80 (1990) (reiterating that "when a case is submitted to the jury on

alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside").

**AFFIRMED**.